**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**

Case No. 4:91cr4010-WS
Case No. 4:05cv419-WS/WCS

**FREDDIE RICHARDSON,**

    **Defendant.**

_____/

### REPORT AND RECOMMENDATION ON MOTION FOR POST TRIAL RELIEF

    Defendant Freddie Richardson filed a document titled "Motion for Post Trial Relief, Pursuant to Title 18 U.S.C. § 3582 to Modify Sentencing Order and to Provide an Update (Revised) Pre-Sentence Investigation Report."  Doc. 482.  Defendant asserts that the facts used to enhance his sentence were not admitted by him or found by a jury beyond a reasonable doubt.  Defendant relies, *inter alia*, on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  Defendant asks the court to modify his original sentence, correct the judgment, and order a new PSR.

Defendant does not reference a particular subsection of § 3582.  Defendant may have intended to invoke § 3582(a), "[f]actors to be considered in imposing a term of imprisonment," since he also asked for a new PSR.  More likely he intended to invoke § 3582(c),[1] which provides that a district court may not modify a term of imprisonment except: (1) upon motion of the Director of the Bureau of Prisons (BOP) if either extraordinary and compelling reasons exist, or the defendant is at least 70 years old and has served at least 30 years; (2) to the extent otherwise expressly permitted by statute or Fed.R.Crim.P. 35; or (3) where the sentencing guideline range applied to a defendant has since been lowered by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1) and (2).  The Director of the BOP has not moved for modification, no statute or rule expressly allows modification under these circumstances (as set forth ahead), and there is no allegation of an applicable amendment by the Sentencing Commission.

Defendant is "in custody" under a federal sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and therefore "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  His claim for relief under <u>Booker</u> and related cases falls under the plain language of § 2255.

---

[1] Section 3582(b), "[e]ffect of finality of judgment," and (d), "[i]nclusion of an order to limit criminal association of organized crime and drug offenders," have no apparent relevance to Defendant's motion.

Case Nos. 4:91cr4010-WS and 4:05cv419-WS/WCS

Defendant previously filed a § 2255 motion, which was denied with prejudice. Docs. 395 and 397 (report and recommendation as adopted by order entered on the docket on December 4, 1997). As Defendant has already been denied § 2255 relief, he must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion. § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Authorization for filing such a claim has been denied in this circuit. In re Anderson, 396 F.3d 1336, at 1339 (11th Cir. 2005) (denying leave to file successive motion as the Supreme Court has not made Booker or Blakely retroactive on collateral review). *See also* Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively on collateral review even when raised in initial § 2255 motion).

As this is essentially a second or successive § 2255 petition, and authorization for filing has not been granted, this court lacks jurisdiction to consider it. Hubbard v. Campbell, 379 F.3d 1245, 1246 (11th Cir.), *cert. denied*, 125 S.Ct. 15 (2004) (district court lacked jurisdiction to entertain second or successive petition, where petitioner had not obtained authorization for filing it).

It is therefore respectfully **RECOMMENDED** that Defendant's motion for post trial relief, doc. 482, be **SUMMARILY DISMISSED** as authorization for filing a second or successive § 2255 motion has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2006.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case Nos. 4:91cr4010-WS and 4:05cv419-WS/WCS